

# In the
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

No. 06-25-00048-CR

RUBY DEE ISAACS, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 402nd District Court
Wood County, Texas
Trial Court No. 25,321-2023

Before Stevens, C.J., van Cleef and Rambin, JJ.
Memorandum Opinion by Justice van Cleef

# MEMORANDUM OPINION

Ruby Dee Isaacs entered an open plea of guilty to aggravated assault with a deadly weapon. *See* TEX. PENAL CODE ANN. § 22.02(a)(2) (Supp.). During a punishment trial, Isaacs pled true to the State's punishment enhancement allegation, and the jury assessed a sentence of thirty years' imprisonment. The trial court imposed Isaacs's sentence and ordered her to pay $360.00 in sheriff's reimbursement fees. Isaacs appeals.

Isaacs's attorney has filed a brief stating that he reviewed the record and found no genuinely arguable issues that could be raised on appeal. The brief sets out the procedural history of the case and summarizes the evidence elicited during the course of the trial court proceedings. Since counsel has provided a professional evaluation of the record demonstrating why there are no arguable grounds to be advanced, that evaluation meets the requirements of *Anders v. California*. *Anders v. California*, 386 U.S. 738, 743–44 (1967); *In re Schulman*, 252 S.W.3d 403, 406 (Tex. Crim. App. 2008) (orig. proceeding); *Stafford v. State*, 813 S.W.2d 503, 509–10 (Tex. Crim. App. 1991); *High v. State*, 573 S.W.2d 807, 812–13 (Tex. Crim. App. [Panel Op.] 1978). Counsel also filed a motion with this Court seeking to withdraw as counsel in this appeal.

On October 10, 2025, counsel mailed to Isaacs copies of the brief, the motion to withdraw, and a motion for pro se access to the appellate record lacking only Isaacs's signature. Isaacs was informed of her rights to review the record and file a pro se response. We have received Isaacs's pro se response.

2

We have reviewed the entire appellate record and Isaacs's pro se response and have independently determined that no reversible error exists. *See Bledsoe v. State*, 178 S.W.3d 824, 826–27 (Tex. Crim. App. 2005). However, non-reversible error is found in the trial court's judgment and bill of costs.

Both the judgment and bill of costs contain a $360.00 sheriff's reimbursement fee, but the appellate record only supports sheriff's reimbursement fees of $170.00. Accordingly, we modify the trial court's judgment and bill of costs to show that the sheriff's reimbursement fee is $170.00 instead of $360.00.

As modified, we affirm the trial court's judgment.[1]

Charles van Cleef
Justice

Date Submitted:     December 1, 2025
Date Decided:       January 5, 2026

Do Not Publish

---

[1]Since we agree that this case presents no reversible error, we also, in accordance with *Anders*, grant counsel's request to withdraw from further representation of appellant in this case. *See Anders*, 386 U.S. at 744. No substitute counsel will be appointed. Should appellant desire to seek further review of this case by the Texas Court of Criminal Appeals, appellant must either retain an attorney to file a petition for discretionary review or file a pro se petition for discretionary review. Any petition for discretionary review (1) must be filed within thirty days from either the date of this opinion or the date on which the last timely motion for rehearing was overruled by this Court, *see* TEX. R. APP. P. 68.2, (2) must be filed with the clerk of the Texas Court of Criminal Appeals, *see* TEX. R. APP. P. 68.3, and (3) should comply with the requirements of Rule 68.4 of the Texas Rules of Appellate Procedure, *see* TEX. R. APP. P. 68.4.